Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

UNITED STATES DISTRICT COURT

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

for the

Eastern District of Arkansas

Central Division #4

NOV 18 2021

TAMMY H. DOWNS, CLERK

By: _____ DEP CLERK

Wanda Faye Thompson
_Plaintiff(s)_
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

ConAgra Brands/Teamsters 878
_Defendant(s)_
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)

Case No. 4:21-cv-1133-LPR
(to be filled in by the Clerk's Office)

Jury Trial: (check one)  ☒ Yes  ☐ No

This case assigned to District Judge Rudofsky
and to Magistrate Judge Volpe

## COMPLAINT FOR A CIVIL CASE

**I. The Parties to This Complaint**

**A. The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Wanda Faye Thompson
Street Address: 609 East M St.
City and County: Russellville, Pope
State and Zip Code: Arkansas 72801
Telephone Number: (479) 970-4813
E-mail Address: thompsonwanda18@gmail.com

**B. The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title _(if known)_. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
for the

Eastern District of Arkansas

Central Division #4

Andrew William Agnew
_____
Plaintiff(s)
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

ConAgra Brands / Teamsters 878
_____
Defendant(s)
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. _____
(to be filled in by the Clerk's Office)

Jury Trial: (check one)   ☒ Yes   ☐ No

## COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint

**A. The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Andrew William Agnew
Street Address: 3001 N Erie Ave
City and County: Russellville, Pope
State and Zip Code: Arkansas, 72802
Telephone Number: (479) 622-0048
E-mail Address: bagnew8990@gmail.com

**B. The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Cont   Page 1 of 5

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1
- Name: ConAgra Brands
- Job or Title (if known):
- Street Address: 3100 E<sup>st</sup> Main St.
- City and County: Russellville, Pope
- State and Zip Code: Arkansas, 72802
- Telephone Number: (479) 968-2535
- E-mail Address (if known):

Defendant No. 2
- Name: Teamsters Local Union 878
- Job or Title (if known):
- Street Address: 6000 Patterson RD
- City and County: Little Rock, Pulaski
- State and Zip Code: Arkansas, 72209
- Telephone Number: (501) 652-2020
- E-mail Address (if known):

Defendant No. 3
- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

Defendant No. 4
- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question    ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Civil Rights Act 42 U.S.C. 1981
Title VII 42 U.S.C. Code 2000 et Seq
Rule 23 (a)(2); Rule 23 (b)(3)

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

    a. If the plaintiff is an individual
       The plaintiff, *(name)* Wanda Faye Thompson, is a citizen of the State of *(name)* Arkansas.

    b. If the plaintiff is a corporation
       The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____,
       and has its principal place of business in the State of *(name)* _____.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual
       The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[X] Federal question          [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Civil Rights Act 42 U.S.C. 1981
Title 42 U.S.C. Code 2000 et Seq
Rule 23 (a)(2); Rule 23 (b)(3)

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual
      The plaintiff, *(name)* Andrew William Agnew, is a citizen of the State of *(name)* Arkansas.

   b. If the plaintiff is a corporation
      The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____,
      and has its principal place of business in the State of *(name)* _____.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual
      The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

      b.    If the defendant is a corporation

The defendant, *(name)* **ConAgra Brands**, is incorporated under the laws of the State of *(name)* **Arkansas**, and has its principal place of business in the State of *(name)* **Illinois**.

Or is incorporated under the laws of *(foreign nation)* _____,

and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

**Lost wages and the grave concern of how to survive, due to termination (wrongful)**

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

**See attached pages**

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

**Monetary relief for loss wages due to the extensive time between termination and employment, causing anxiety, depression, grief, + mental anguish.**

Page 4 of 5

ATTACHED PAGES FOR PAGE #4 - Wanda Thompson

1. Wrongful termination - Plaintiff, Wanda Thompson, was verbally notified by the defendant, ConAgra Brands, of her discharge on February 2, 2017, the ninth day following the incident, and did not send out written notice of the discipline until February 8, 2017. Untimely discipline should be deemed invalid. The evidence of plaintiff's wrong doing was found inconclusive per Union. Instead of termination, a warning letter would have been appropriate for a first offense. The Company violated the contract with an untimely disciplinary action. Although, the Company was aware of their violation, they still proceeded with the termination. The plaintiff was awarded return to work with all rights reinstated. The Company placed the plaintiff in a new hire position and forced to training instead of returning the plaintiff to previously held job position. This type of action is not protocol. The Union allowed the Company to go against protocol even though the Company and Union knew it was against arbitrators decision.

2. Harassment - On returning to work, Joe Wilson, Plant Manager, placed plaintiff in a new hire position forcing the plaintiff to work with management; Clay Carter, Drew Latch, and Dewayne Marlow. On the second day, Drew Latch took the plaintiff to get a brown Lead hat and the guard replied that Joe Wilson instructed him to give the plaintiff a white hat. Drew Latch made the guard give the plaintiff the brown hat. On the third day approximately 6/20/18, the plaintiff was placed with a Cortina specialist Lead, Stephen Gadberry. Stephen told the plaintiff that she was in new hire training. No other Lead was forced to train more than once. Plaintiff was in Lead training with Stephen Gadberry in Cortina

*attached Page 1*

Kitchen #8 which is not even the area the plaintiff was initially working before termination. If it was so important to retrain, then the plaintiff should have been retraining in the area initially worked in before termination. The plaintiff was in training for 2 weeks before finally being placed in previous Lead job held prior to termination, still training, with Shereacia Kinnon (who was currently holding the job the plaintiff held before termination) for a couple of days due to the fact that Shereacia chose to no longer work with plaintiff because Shereacia didn't want to give the job nor return to her own line. The Company discontinued the Lead job for the area the plaintiff was placed. The plaintiff was forced to sign into another job and being awarded that job on March 29, 2020. The plaintiff was the only female forced to perform a 3 to 4 man job by herself for 2 weeks. This is a high priority area with one person working it. There was one Hispanic male assigned to the area, but off due to Covid. The plaintiff continued to work by herself going home some days with bruises. With the plaintiff being forced to work alone in a high priority area resulted in 2.5 months of physical therapy and short term disability reducing the plaintiffs income drastically. The Company continuously tried to give the plaintiff a hard time and write the plaintiff up simply for the fact to harass the plaintiff enough to possibly quit. Plaintiff contacted corporate many times on the behalf of harassment. On 9/21/21, a web grievance hearing, the Company stated they were committed to giving the plaintiff a workplace environment free from harassment. It took seven years for the Company to offer this freedom from harassment, and its still not guaranteed. The plaintiff being under undo stress, has had to keep a second job in fear of not

Attached Page 2

knowing when the Company is going to find fault with her and terminate her again.

3. Discrimination - Approximately a week after March 29, 2020, the Company hired a process Lead, Caucasian male (Dillon Cooper), assigning him over the area the plaintiff was a prior Lead. The Union contacted the Company stating if the position is needed, that it needs to return back to the Lead. The Company tried to back fill the position with a process Lead thinking it wouldn't be noticed.

attached Page 3

ATTACHED PAGE FOR PAGE #4 - Andrew Agnew

1. Wrongful termination - Plaintiff terminated 3/21/2019 via phone call. The Company terminated plaintiff, then offered a low amount to return to work approximately on 12/08/2020. Anytime, the Company offers any amount of money for an employee to return to work, they are admitting to wrong doing. They offer a low amount to keep from paying the full amount of lost wages. The disciplinary actions were excessive being that per contract, the defendant agreed upon progressive discipline, meaning three write ups for the same infraction before termination. Other employees under the same contract and the same infraction, was counseled or an incident summary report only and at times nothing at all. Also, if for some reason an employee is suspected of wrong doing, a supervisor has to eyewitness the infraction, not taken only on the word of a security guard. The security guard took a picture using his personal phone whereas all phones are not allowed inside any production area per Company policies. The plaintiff was terminated over the phone. Any time of termination, the chief union steward is supposed to be present and the employee is allowed to gather their personal items.

2. Harassment - The plaintiff was bumped off of third shift to second shift. When a third shift job became available approximately a year later on 8/28/17, the plaintiff was awarded the job but had to file a grievance due to not being transferred for six plus weeks. The grievance was filed 10/20/2017. Also, the job was on the bid board several times, when the plaintiff would have possibly been awarded the job the Company would void the job stating that the bid was not worded correctly preventing the plaintiff from transferring third shift, the shift of the plaintiffs choice

*Attached Page 1*

since the plaintiff was bumped from this shift to second. The plaintiff's wife worked third shift and the plaintiff preferred that shift for work/home balance. It is suspected that the Company deliberately miss-worded the bid to cause havoc. The plaintiff reported to the Company many times of the safety issue with insufficient lighting on the roof. With it being a danger for employees, the plaintiff anonymously reported to OSHA. OSHA made the Company then place sufficient lighting on the roof. Supervision was asking fellow employees if the plaintiff made the call to OSHA. From that point, the Company continued to try an have the plaintiff perform other employee's jobs and held the plaintiff back from his preferred shift.

3.  Retaliation - When OSHA and the Labor Board was called, the defendant retaliated against the plaintiff later by termination.

4.  Unfair Representation - The Teamsters 878 Union did not restore complete loss of wages.

Attached Page 2

## V.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 11/10/21

Signature of Plaintiff: *Wanda Thompson*
Printed Name of Plaintiff: *Wanda Thompson*

### B.   For Attorneys

Date of signing: _____

Signature of Attorney   _____
Printed Name of Attorney   _____
Bar Number   _____
Name of Law Firm   _____
Street Address   _____
State and Zip Code   _____
Telephone Number   _____
E-mail Address   _____

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 11/10/21

Signature of Plaintiff: *Andrew Agnew*
Printed Name of Plaintiff: Andrew Agnew

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

Cont. Page 5 of 5