IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**WANDA FAYE THOMPSON**                                                                 **PLAINTIFF**

v.                                    **Case No. 4:21-cv-01133-LPR**

**CONAGRA BRANDS**                                                                      **DEFENDANT**

**ORDER**

Plaintiff Wanda Thompson alleges that defendant Conagra Brands is liable for "employment discrimination, harassment, retaliation, wrongful termination[], [maintaining a] hostile work environment, and unfair[] representation, both intentional and systemic, on the basis of race, national origin, and sex . . . ."[1] Specifically, the Amended Complaint alleges that Conagra "discriminatorily continued to write up [Ms. Thompson,] . . . demote[d] her from her Lead position," and fired her.[2] Ms. Thompson's Amended Complaint sets forth four causes of action: (1) violations of 42 U.S.C. § 1981; (2) violations of Title VII of the Civil Rights Act of 1964; (3) violations of the "Arkansas Fair Employment and Housing Act, Government Code § 12940, et seq."; and (4) violations of the "Arkansas Unfair Business Practices Act, Business and Professions Code Title 17 § 17-52-321 et seq." and "Unfair Competition Law Arkansas Code § 23-66-205."[3]

Before the Court is Conagra's Motion to Dismiss for Failure to State a Claim.[4] For the reasons stated below, the Court GRANTS Conagra's Motion in part. Conagra is right that, as currently pled, there is not enough to make Ms. Thompson's claims plausible. But perhaps Ms. Thompson can fix that. The Court gives Ms. Thompson leave to amend her Complaint. If Ms.

---

[1] Am. Compl. (Doc. 4) ¶ 1.

[2] *Id.* ¶ 7.

[3] *Id.* ¶ 1.

[4] Mot. to Dismiss (Doc. 35).

Thompson does not amend her Complaint within twenty-one days of the date of this Order, the Court will dismiss her claims against Conagra. If she does amend, the Court will entertain new motion-to-dismiss briefing.

## BACKGROUND

Pro se Plaintiffs Wanda Thompson and Andrew Agnew filed their initial Complaint on November 18, 2021,[5] and an Amended Complaint on November 24, 2021.[6] On December 20, 2021, the Court severed the case.[7] Thus, the operative pleading before the Court is the Amended Complaint as it relates to Ms. Thompson only.[8]

The Amended Complaint states that Ms. Thompson is a Black American female and a resident of Russellville, Arkansas.[9] It states that she worked as a "Lead at [Conagra's] Russellville, Arkansas facility [from] 2019 to [the] present," and that Conagra is a "national corporation headquartered in Chicago" whose "major business involves frozen food . . . ."[10] Her main allegation is that "[i]n or about 2016, Con[a]gra discriminatorily continued to write [her] up . . . and demote[d] her from her Lead position," before firing her on February 2, 2017.[11] (It appears at some point after this she got her job back.) She further alleges that she filed a "Charge of Discrimination with the EEOC" on March 8, 2017, and the EEOC issued a "notice of Right to Sue

---

[5] Compl. (Doc. 3).

[6] Am. Compl. (Doc. 4).

[7] Order (Doc. 5).

[8] The Amended Complaint (Doc. 4) supersedes the initial Complaint (Doc. 3) and thus renders the initial Complaint without legal effect. *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000). Thus, any facts in the initial Complaint that are not included in the Amended Complaint are not considered here. If Ms. Thompson wants the Court to consider any facts from the initial Complaint, she will need to include them in her Second Amended Complaint.

[9] Am. Compl. (Doc. 4) ¶ 7.

[10] *Id.* ¶¶ 7, 9–10.

[11] *Id.* ¶ 7.

on that charge" on October, 19, 2017.[12] Finally, she claims that Conagra retaliates against employees that call organizations like OSHA and the EEOC, voids a job when an employee it doesn't want to have that job is awarded that job, "[m]andat[es] extra training when no others were made to have extra training," "[a]sk[s] . . . hourly employees about [other] employee[s]," and talks to employees about other employees' "confidential business."[13]

Ms. Thompson submitted two supplements to her Amended Complaint.[14] The first supplement is a collection of employee warning notices and employee grievance forms, submitted "to prove . . . how less favorabl[y] [Ms. Thompson] was [treated] compared to other team members . . . ."[15] The second supplement is a one-page note requesting a "fair trial" and stating that Ms. Thompson suffered "non-stop harassment & bullying from the Conagra Management Team along with other charges listed prior."[16]

Ms. Thompson also attached numerous exhibits to both her Answer to Defendant's Motion to Dismiss and her Opposition to Defendant's Motion to Dismiss.[17] These exhibits included emails, letters, reports, pictures, grievance forms, incident summaries, employee warning notices, and an arbitration opinion.[18] However, these exhibits are not embraced by the Amended

---

[12] *Id.* ¶ 7. The right-to-sue letter (as distinguished from the charge of discrimination) is dated October 19, 2017. Ex. 2 (EEOC Dismissal and Notice of Rights) to Def.'s Br. in Supp. of Mot. to Dismiss (Doc. 36-2). In her response to the Motion to Dismiss, Ms. Thompson also clarifies that the letter was issued on October 19, 2017, not the March 8, 2017 date mistakenly stated in the Amended Complaint. Pl.'s Answer to Mot. to Dismiss (Doc. 43) at 1.

[13] Am. Compl. (Doc. 4) ¶¶ 15–19. The Amended Complaint also makes numerous, conclusory allegations related to class certification. *See id.* ¶¶ 20–28.

[14] Suppl. to Am. Compl. (Doc. 10); Suppl. to Am. Compl. (Doc. 11).

[15] Suppl. to Am. Compl. (Doc. 10).

[16] Suppl. to Am. Compl. (Doc. 11).

[17] Pl.'s Answer to Mot. to Dismiss (Doc. 43); Pl.'s Opp'n to Mot. to Dismiss (Doc. 44).

[18] Pl.'s Answer to Mot. to Dismiss (Doc. 43); Pl.'s Opp'n to Mot. to Dismiss (Doc. 44).

Complaint and are therefore not considered here.[19]  If Ms. Thompson wants the Court to consider these exhibits, she will need to attach them to her Second Amended Complaint.

## MOTION TO DISMISS STANDARD

To survive a Rule 12(b)(6) motion, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[20]  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[21]  "Factual allegations are taken to be true at the motion-to-dismiss stage because the plaintiff has not had a full opportunity to conduct discovery and thereby uncover facts that support his or her claim."[22]  But a court need not accept "conclusory statements" or "naked assertions devoid of further factual enhancement."[23]  A pro se complaint is construed liberally, but it must contain enough factual allegations to state a claim to relief that is plausible on its face, not merely conceivable.[24]

## DISCUSSION

As currently pled in her Amended Complaint, none of Ms. Thompson's claims against Conagra states a viable cause of action.[25]  Her claims under Title VII and § 1981 are time-barred,

---

[19] A document is embraced by a complaint when it is (among other things) incorporated by reference, integral to the claim, attached to the complaint, or referenced by inference.  *See Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017); *Dittmer Props., L.P. v. Fed. Deposit Ins. Corp.*, 708 F.3d 1011, 1021 (8th Cir. 2013).  Ms. Thompson also attached the EEOC charge and right-to-sue letter.  Because these two documents were directly referenced in her Amended Complaint and were included in the Defendant's Motion to Dismiss, the Court will consider them.

[20] *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

[21] *Iqbal*, 556 U.S. at 678.

[22] *Ashley v. U.S. Dep't of Interior*, 408 F.3d 997, 1000 (8th Cir. 2005).

[23] *Retro Television Network, Inc. v. Luken Commc'ns*, 696 F.3d 766, 768 (8th Cir. 2012) (cleaned up) (quoting *Iqbal*, 556 U.S. at 678).

[24] *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

[25] In addition to the claims raised in her Amended Complaint, Ms. Thompson raised two new claims in her Opposition to Defendant's Motion to Dismiss: Violations of 42 U.S.C. § 12203 and Ark. Code Ann. § 16-123-108.  Opp'n to Mot. to Dismiss (Doc. 44).  Because neither of these claims was alleged in her Amended Complaint, the Court will

4

and the state laws that Ms. Thompson alleges Conagra violated are either nonexistent or inapplicable.

I.     **Title VII**

As currently pled, Ms. Thompson's Amended Complaint does not state a viable claim under Title VII because her claim is time-barred. An action to enforce rights under Title VII must be commenced within ninety (90) days of the EEOC sending the right-to-sue letter.[26] The letter was sent to Ms. Thompson on October 19, 2017, so Ms. Thompson had until January 17, 2018, to bring a lawsuit. The current lawsuit, however, was not brought until November 18, 2021. Thus, Ms. Thompson's lawsuit is nearly four years too late.

The Court acknowledges that Ms. Thompson's initial Complaint, Answer to Defendant's Motion to Dismiss, and Opposition to Defendant's Motion to Dismiss discuss events that occurred after the EEOC charge mentioned in her Amended Complaint was filed.[27] Because these events were not mentioned in her Amended Complaint, the Court will not consider them here. If Ms. Thompson wants the Court to consider these events as part of a Title VII claim, she can include them in her Second Amended Complaint. But Ms. Thompson should be advised that exhaustion of administrative remedies is a prerequisite to sue under Title VII.[28] As her Amended Complaint currently reads, she has only exhausted her remedies with respect to events occurring before March 8, 2017 (the date she filed her EEOC charge). If her Title VII claim is based on any events after

---

not consider them here. If Ms. Thompson wants the Court to consider these claims, she will need to allege them in her Second Amended Complaint.

[26] 42 U.S.C. § 2000e-5(f)(1).

[27] Compl. (Doc. 3); Pl.'s Answer to Mot. to Dismiss (Doc. 43); Pl.'s Opp'n to Mot. to Dismiss (Doc. 44).

[28] 42 U.S.C. § 2000e-5(e)(1), (f)(1); *Kirklin v. Joshen Paper & Packaging of Ark. Co.*, 911 F.3d 530, 534 (8th Cir. 2018).

that date, she will (eventually) need to show that she has exhausted her administrative remedies with respect to those claims.[29]

## II.     42 U.S.C. § 1981

Ms. Thompson's Amended Complaint also fails to state a claim under § 1981 because the statute of limitations has run. The applicable statute of limitations for § 1981 claims is four years.[30] Her Amended Complaint states that "[i]n or about 2016, Con[a]gra discriminatorily continued to write [her] up . . . and demote[d] her from her Lead position," before firing her on February 2, 2017.[31] Thus, the alleged discriminatory conduct occurred between 2016 and her firing on February 2, 2017. The instant lawsuit was filed on November 18, 2021. So her lawsuit is at least nine months too late.

Again, the Court acknowledges that Ms. Thompson's initial Complaint, Answer to Defendant's Motion to Dismiss, and Opposition to Defendant's Motion to Dismiss discuss events that occurred within the statute of limitations period.[32] As discussed above, because these events were not mentioned in her Amended Complaint, the Court will not consider them here. If Ms. Thompson wants the Court to consider these events as part of her § 1981 claim, she can include them in her Second Amended Complaint.

---

[29] While exhaustion is an affirmative defense, *see, e.g.*, *Miles v. Bellfontaine Habilitation Ctr.*, 481 F.3d 1106, 1107 (8th Cir. 2007), an affirmative defense can provide the basis for dismissal when it is apparent from the face of the complaint, *ABF Freight Sys., Inc. v. Int'l Brotherhood of Teamsters*, 728 F.3d 853, 861 (8th Cir. 2013); *Duncan v. Wesley Woods Senior Living, Inc.*, No. 1:17-CV-0898-MHC-JSA, 2017 WL 10765309, at *3–*4 (N.D. Ga. June 13, 2017) (dismissing the case based on failure to exhaust which was apparent from the charge attached to the motion to dismiss). Here, the Amended Complaint states that the only charge she has filed with the EEOC was on March 8, 2017. Thus, it is apparent from the face of the Amended Complaint that no charge has been filed for any subsequent claims.

[30] *See, e.g., Clay v. Credit Bureau Enters., Inc.*, 754 F.3d 535, 537 (8th Cir. 2014).

[31] Am. Compl. (Doc. 4) ¶ 7.

[32] Compl. (Doc. 3); Pl.'s Answer to Def.'s Mot. to Dismiss (Doc. 43); Pl.'s Opp'n to Mot. to Dismiss (Doc. 44).

### III.     State Law Claims

Ms. Thompson's state law claims also fail.  First, Ms. Thompson alleges that Conagra violated the "Arkansas Fair Employment and Housing Act, Government Code § 12940, et seq. . . . ."[33]  The problem for Ms. Thompson is that there is no "Arkansas Fair Employment and Housing Act."  The closest thing the Court can find is the Arkansas Fair Housing Act.[34]  But that Act deals with discrimination in real estate transactions, which is not at issue in this case.

Similarly, it is not clear what "Government Code § 12940" refers to.[35]  The closest thing the Court can find is California Government Code § 12940, which happens to be codified under the California Fair Employment and Housing Act.  But Ms. Thompson has not alleged anything to suggest that California law should apply in this case.  Therefore, the Court's best guess as to what is going on here is that Ms. Thompson inadvertently and mistakenly filed a claim against Conagra under California state law.

Second, Ms. Thompson alleges that Conagra violated "Arkansas Unfair Business Practices Act, Business and Professions Code Title 17 § 17-52-321 et seq." and "Unfair Competition Law Arkansas Code § 23-66-205."[36]  But neither of these statutes are applicable to Conagra.  Section 17-52-321 deals with unfair business practices by a "home inspector, a company that employs the home inspector, or a company that has a financial interest in a company employing a home inspector . . . ."[37]  Section 23-66-205 deals with unfair competition and deceptive acts "in the business of insurance."[38]  Per Ms. Thompson's Amended Complaint, Conagra is a frozen food

---

[33] Am. Compl. (Doc. 4) ¶ 1.

[34] Ark. Code Ann. §§ 16-123-204 to 210.

[35] Am. Compl. (Doc. 4) ¶ 1.

[36] *Id.* ¶ 1.

[37] Ark. Code. Ann. § 17-52-321(a).

[38] *Id.* § 23-66-205.

business. There is nothing in the Amended Complaint suggesting that Conagra is involved with home inspection or insurance.

## CONCLUSION

There are glaring deficiencies with Ms. Thompson's Amended Complaint. But she is a pro se litigant, so some leniency is appropriate.[39] While Ms. Thompson has not sought leave to amend her Complaint, the Court "should freely give leave [to amend] when justice so requires."[40] And it may do so *sua sponte*.[41] Considering "the Rule 15(a)(2) considerations that favor affording parties an opportunity to test their claims on the merits," the Court grants Ms. Thompson leave to amend her Complaint.[42] She will have twenty-one days from the date of this Order to file a Second Amended Complaint (if she believes she can fix the deficiencies identified in this Order). If Ms. Thompson does not amend her Complaint within twenty-one days of the date of this Order, the Court will dismiss her claims against Conagra.

It is imperative that Ms. Thompson understand that (1) a Second Amended Complaint will nullify all prior Complaints she has filed in this litigation, and (2) therefore she must include in her Second Amended Complaint all factual allegations and all documents that she wants the Court to consider (at this stage of the litigation) in connection with her claims. Any allegations or documents related to her claims that are not expressly included with the Second Amended Complaint will not be considered for purposes of evaluating whether she states a viable claim.

---

[39] *See Burke v. N.D. Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043–44 (8th Cir. 2002) (noting that pro se complaints are to be liberally construed).

[40] Fed. R. Civ. P. 15(a)(2); *In re 2007 Novastar Fin. Inc., Sec. Litig.*, 579 F.3d 878, 884 (8th Cir. 2009).

[41] *See Unified Data Servs., LLC v. Fed. Trade Comm'n*, 39 F.4th 1200, 1208 (9th Cir. 2022).

[42] *United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 824 (8th Cir. 2009).

IT IS SO ORDERED this 22nd day of February 2023.

 

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE