# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**WANDA FAYE THOMPSON**                                                                              **PLAINTIFF**

**v.**                              **Case No. 4:21-cv-01133-LPR**

**CONAGRA BRANDS, INC.**                                                                             **DEFENDANT**

## ORDER

This is the Court's second motion-to-dismiss ruling. On February 22, 2023, the Court granted in part Conagra's original Motion to Dismiss.[1] In that Order, the Court explained the "glaring deficiencies" with the claims Ms. Thompson attempted to state in her Amended Complaint.[2] Although Ms. Thompson did not ask for the opportunity to amend her Complaint, the Court gave her such an opportunity.[3] The Court made clear, however, that any new complaint would render all prior complaints a nullity:

> It is imperative that Ms. Thompson understand that (1) a Second Amended Complaint will nullify all prior Complaints she has filed in this litigation, and (2) therefore she must include in her Second Amended Complaint all factual allegations and all documents that she wants the Court to consider (at this stage of the litigation) in connection with her claims. Any allegations or documents related to her claims that are not expressly included with the Second Amended Complaint will not be considered for purposes of evaluating whether she states a viable claim.[4]

On March 27, 2023, Ms. Thompson filed a Second Amended Complaint.[5] That new Complaint abandons all, or nearly all, of her prior claims.[6] In place of the original claims, the new

---

[1] Order Granting in Part Def.'s Mot. to Dismiss (Doc. 45).

[2] *Id.* at 8.

[3] *Id.*

[4] *Id.*

[5] Second Am. Compl. (Doc. 51).

[6] *Id.* at 1–6.

Complaint attempts to state several § 1981 claims and a claim to enforce an arbitration award.[7] More specifically, after giving this *pro se* Complaint a very liberal construction, the Court concludes that Ms. Thompson is trying to allege the following claims: (1) a § 1981 disparate-treatment race discrimination claim; (2) a § 1981 hostile-work-environment race discrimination claim; (3) a § 1981 retaliation claim; (4) a § 1981 constructive discharge claim; and (5) a Labor Management Relations Act § 301 claim to enforce an arbitration award.[8]

There are two threshold matters to address. First, the Court reiterates that, in its earlier motion-to-dismiss ruling, it warned Ms. Thompson that the only allegations and documents that would be considered were the ones that Ms. Thompson specifically included in her Second Amended Complaint.[9] It appears Ms. Thompson decided to ignore that warning. In footnote 1 of the Second Amended Complaint, Ms. Thompson states that "Document #43 is incorporated herein, in its entirety, by reference."[10] On page 3 of the Second Amended Complaint, Ms. Thompson similarly attempts to incorporate Documents 43 and 44 by reference.[11] Documents 43 and 44 make up Ms. Thompson's Response to the first Motion to Dismiss in this case—the one the Court ruled on earlier.

It is true that Federal Rule of Civil Procedure 10 says that "[a] statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion."[12] But a Response to a Motion to Dismiss is not a pleading. Nothing gives Ms. Thompson the right to incorporate Document 43 into her Second Amended Complaint by reference. And because the

---

[7] *Id.*

[8] *Id.* at 2–6.

[9] *See supra* note 4.

[10] Second Am. Compl. (Doc. 51) at 1 n.1.

[11] *Id.* at 3.

[12] Fed. R. Civ. P. 10(c).

Court provided a clear warning to Ms. Thompson concerning what needed to be in the Second Amended Complaint, the Court will not overlook this problem. The Court thus confines its motion-to-dismiss analysis to the text of, and exhibits attached to, the Second Amended Complaint.

Second, the Court concludes that the claims in the Second Amended Complaint all address events that purportedly occurred on or after May 30, 2018. To be clear, the Court does not believe the Second Amended Complaint can be plausibly read as trying to state any claims based on the February 2017 termination. This is especially so because the statute of limitations applicable to § 1981 claims is four years.[13] The original Complaint in this case was filed in November of 2021, well outside the limitations period stemming from the February 2017 termination.

Given the foregoing, the Court's analysis becomes fairly simple. As to the hostile-work-environment race discrimination claim, the Second Amended Complaint's allegations are mostly conclusory. It is not enough to merely state that Plaintiff was subjected to "severe," "pervasive," "abusive," and "hostil[e]" behavior.[14] The Complaint must allege what that behavior was. The only specific allegations the Complaint gives us are as follows: (1) in April of 2020 and December of 2020, two people "apologized for inappropriate behavior";[15] (2) a third person, who never apologized, "[got] in Plaintiff['s] face to provoke the Plaintiff to react";[16] (3) "Defendant[] . . . contrived a plan to eliminate [Plaintiff's] previous position, . . . leaving her . . . out of a job";[17] and (4) Defendant "scrutin[ized]" her work to an "extreme" degree.[18] These

---

[13] *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382–83 (2004) (holding that 28 U.S.C. § 1658's catch-all four-year statute of limitations period governs claims brought under § 1981).

[14] Second Am. Compl. (Doc. 51) at 5.

[15] *Id.* at 4.

[16] *Id.*

[17] *Id.*

[18] *Id.* at 5.

3

allegations, even if proven, would not come close to meeting the Eighth Circuit's hostile-work-environment standard.[19]  So the hostile-work-environment claim is out.  For much the same reason, the constructive discharge claim is also out.[20]

The disparate-treatment race discrimination claim and the retaliation claim are different.  They survive.  With respect to the retaliation claim, it survives because the Motion to Dismiss did not address it.[21]  With respect to the disparate-treatment claim, it survives on the merits.  The non-conclusory allegations are that: (1) Defendant did not reinstate Plaintiff to the position she had when the arbitration decision told Defendant to do so;[22] (2) instead, Defendant formally dissolved that position and demoted Plaintiff to an entry-level employee;[23] (3) Defendant then gave Plaintiff's prior responsibilities to a white man with far fewer years of service in the company;[24] and (4) all non-minority employees were given back their old jobs if an arbitration decision ordered it.[25]  At the motion-to-dismiss stage, that's enough to make a plausible showing of disparate (i.e., discriminatory) treatment based on race.[26]  Whether the facts bear this out or not later is an entirely different question.

---

[19] *See Nitsche v. CEO of Osage Valley Elec. Co-op.*, 446 F.3d 841, 846 (8th Cir. 2006) ("Allegations of a few isolated or sporadic incidents will not suffice; rather, the plaintiff must demonstrate the alleged harassment was 'so intimidating, offensive, or hostile that it poisoned the work environment.'") (quoting *Tuggle v. Mangan*, 348 F.3d 714, 720 (8th Cir. 2003)).

[20] *See Pennsylvania State Police v. Suders*, 542 U.S. 129, 149 (2004) ("Creation of a hostile work environment is a necessary predicate to a hostile-environment constructive discharge case.").

[21] The Court understands that the Motion to Dismiss might have not addressed the retaliation claim because Defendant did not realize such a claim was being made.  The Court will entertain a Motion for Judgment on the Pleadings with respect to such a claim should Defendant wish to file one.

[22] Second Am. Compl. (Doc. 51) at 4.

[23] *Id.*

[24] *Id.* at 4–5.

[25] *Id.* at 4.

[26] *Jones v. Douglas Cnty. Sheriff's Dep't*, 915 F.3d 498, 500 (8th Cir. 2019) ("To establish a prima facie case, [Plaintiff] 'must show that she is a member of a protected class who was qualified for but was denied reinstatement, while a similarly situated employee outside of her protected class . . . was reinstated.'") (quoting *Jones v. Frank*, 973 F.2d 673, 676 (8th Cir. 1992)).

Defendant's principal argument regarding this claim is that the Second Amended Complaint does not allege that race was the but-for cause of the adverse action purportedly taken against the Plaintiff.[27] The Court reads the Complaint differently. Understanding that there can be more than one but-for cause of an adverse action,[28] the Court believes the Complaint alleges enough. In addition to the specific allegations discussed in the paragraph above, and because of them, the Second Amended Complaint alleges that "race was a determinative factor" in the adverse action purportedly taken.[29]

Finally, the arbitration claim is out for all the reasons set forth in Section II of Defendant's Motion to Dismiss briefing, including, but not limited to, footnote 4.[30]

The instant Motion to Dismiss (Doc. 52) is GRANTED in part and DENIED in part. Ms. Thompson's (1) hostile-work-environment race discrimination claim, (2) constructive discharge claim, and (3) arbitration enforcement claim are dismissed without prejudice. Ms. Thompson's § 1981 disparate-treatment and retaliation claims proceed. The Court is inclined, at this point, to appoint pro bono counsel for Ms. Thompson. Unless Ms. Thompson indicates within seven days from this Order that she does not desire counsel, the Court will appoint such counsel.

IT IS SO ORDERED this 22nd day of March 2024.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[27] Def.'s Br. in Supp. of Mot. to Dismiss Second Am. Compl. (Doc. 53) at 5–7.

[28] *See Bostock v. Clayton Cnty., Georgia*, 590 U.S. 644, 656 (2020) ("Often, events have multiple but-for causes.").

[29] Second Am. Compl. (Doc. 51) at 4.

[30] Def.'s Br. in Supp. of Mot. to Dismiss Second Am. Compl. (Doc. 53) at 7–9.