IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

WANDA FAYE THOMPSON                                                                    PLAINTIFF

v.                                        CASE NO. 4:21-CV-01133-BSM

CONAGRA BRANDS, INC.                                                                   DEFENDANT

## ORDER

Conagra Brands Inc.'s motion for summary judgment [Doc. No. 106] is granted, Wanda Thompson's motion for summary judgment [Doc. No. 114] is denied and Thompson's second amended complaint [Doc. No. 51] is dismissed with prejudice.

## I. BACKGROUND

Thompson is suing Conagra for race discrimination under 42 U.S.C. section 1981 and for retaliation. Both Conagra and Thompson are moving for summary judgment. Conagra has presented verified testimony in support of its motion and in opposition to Thompson's motion. Dec. Jerry Rodgers, Doc. No. 108-1; Dec. Jasmine Ornelas, Doc. No. 108-2. Thompson has failed to submit verified testimony in support of her motion and in response to Conagra's motion. This is typically fatal at summary judgment because only evidence, and not allegations and arguments, can be considered in deciding motions for summary judgment. *Vanegas v. Carleton Coll.*, 575 F. Supp. 3d 1112, 1126 (D. Minn. 2021) (Citing *Quinn v. St. Louis County,* 653 F.3d 745, 752 (8th Cir. 2011)); *cf. Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Because Thompson is pro se and has signed all of her pleadings, I considered viewing those somewhat confusing documents as having been verified. *See*

*Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004) (recognizing that pro se contentions, based on personal knowledge, offered in motions and pleadings may be considered evidence). Conagra, however, attempted to clarify Thompson's pleadings through interrogatories and deposition. Thompson's answers to Conagra's interrogatories were either unresponsive or deficient. Pl. Answer Interrog. at 5–8, Doc. No. 95. Regarding her deposition, she failed to appear and had no reasonable explanation for why she failed to appear. *See* Br. Supp. Mot. Sanctions ¶ 20 Doc. No. 101. (canceling her deposition on the morning it was scheduled because, "her mind was not stable to answer any questions"). It would, therefore, be unjust to consider her complaint and pleadings as having been verified when she failed to appear and provide testimony under oath. Consequently, based on the verified evidence in the record, the undisputed facts are as follows.

Wanda Thompson was an hourly employee at Conagra from 1994 to 2021. Def. Statement of Uncontroverted Material Facts ¶¶ 29, 65, Doc. No. 108 ("SUMF"). She was fired in February of 2017 but, with union representation, was reinstated in June of 2018 with higher pay. *Id.* ¶¶ 36, 37, 40, 46, 51, 54. Approximately four years after Thompson's reinstatement, Conagra restructured its operations and eliminated two team coordinator positions. *Id.* ¶¶ 55, 57. One position was held by Thompson, a black woman, and the other was held by a non-black employee. *Id.* ¶ 54. The duties performed by Thompson and the other team coordinator were redistributed to at least three other supervisors. *Id.* ¶ 58. Thompson worked in two different positions over the course of the next two years and then retired. *Id.* ¶¶ 63–65.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P.56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party shows that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in her pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Id.* All reasonable inferences must be drawn in a light most favorable to the non-moving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

Conagra's motion for summary judgment is granted.

A.  <u>Race Discrimination</u>

To make out a prima facie case of race discrimination, Thompson must show: (1) she is a member of a protected class, (2) she met Conagra's legitimate expectations, (3) she suffered an adverse employment action, and (4) discrimination can be inferred from the circumstances. *Watson v. McDonough*, 996 F.3d 850, 855 (8th Cir. 2021) (citations omitted). In a section 1981 case, the plaintiff must also prove that race was a but-for cause of her termination. *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 340–41 (2020).

3

It is undisputed that Thompson is a member of a protected class and was meeting Conagra's expectations. Conagra, however, argues that Thompson did not suffer an adverse employment action and discrimination cannot be inferred from the circumstances.

### 1. Adverse Employment Action

"An adverse employment action is a disadvantageous change to the compensation, terms, conditions, or privileges of employment." *Cole v. Grp. Health Plan, Inc.*, 105 F.4th 1110, 1114 (8th Cir. 2024) (citing *Muldrow v. St. Louis*, 601 U.S. 346 (2024); 42 U.S.C. § 2000e-2(a)). Any claim that the 2017 termination was discriminatory is time-barred. *See* Order Granting Motion to Dismiss at 3, Doc. No. 63. Moreover, the record shows that at the time of Thompson's 2018 reinstatement, she was put back in her original position with higher pay. SUMF ¶¶ 36, 46, 51, 54; Declaration of Jerry Rodgers ¶ 34, Doc. No. 108-1. She, therefore, cannot show she experienced an adverse action in 2018.

In 2021, Conagra restructured and eliminated Thompson's position. SUMF ¶¶ 55, 58. Limited details about the new position are provided, so it is difficult to determine whether Thompson's reassignment disadvantaged her. Construing the record in the light most favorable to Thompson, and giving her a significant benefit of the doubt, it appears that her new job title was junior to her former job title. *Id.* ¶¶ 62, 63 (changing job title from Team Coordinator to Utility Prep). Consequently, the record indicates that she may have suffered an adverse employment action after the 2021 restructuring.

### 2. Inference of Discrimination

Thompson must also show that race discrimination can be inferred from Conagra's

2021 restructuring. Thompson's position was not the only one eliminated. SUMF ¶¶ 54, 57. A non-black employee's position was also eliminated, which undermines any inference that Thompson's race was the motivation for the restructuring. *Valencia v. U.S. Bank Nat'l Ass'n,* No. 4:18-CV-56, 2019 WL 9821776, at *9 (S.D. Iowa Aug. 19, 2019) (no prima facie discrimination when employees of different races have their employment eliminated during restructuring). Moreover, Thompson's duties were redistributed to at least two other employees, whose race is unknown. SUMF ¶ 58.

Even if Thompson could establish a prima facie case of discrimination, Conagra has provided legitimate non-discriminatory reasons for the restructuring; it restructured to save money by becoming more efficient and increasing employee accountability. *Id.* ¶¶ 55–61; *see Starkey v. Amber Enters., Inc.,* 987 F.3d 758, 764 (8th Cir. 2021) (finding that restructuring a department to meet needs of the business is a legitimate and non-discriminatory reason). Thompson has failed to show that this reason was pretext for discrimination.

    B.    <u>Retaliation</u>

Conagra's motion for summary judgment is granted on Thompson's retaliation claim because Thompson cannot show a causal connection between her 2017 complaint of racial discrimination and Conagra's restructuring in 2021. To succeed on her retaliation claim, Thompson must show that: (1) she engaged in a protected activity, (2) she experienced an adverse employment action, and (3) the two are connected. *Takele v. Mayo Clinic*, 576 F.3d 834, 839 (8th Cir. 2009). Thompson has provided no evidentiary support for her belief that

5

the 2021 restructuring was done in retaliation for her having alleged discrimination in 2017. She, therefore, cannot overcome Conagra's motion for summary judgment. *See Onyiah v. St. Cloud State Univ.,* 5 F.4th 926, 930 (8th Cir. 2021) (even a lapse of two months between the protected activity and the adverse employment action does not create an inference of causation).

## IV. CONCLUSION

For these reasons, Conagra's motion for summary judgment is granted and Thompson's motion for summary judgment is denied. All other pending motions are also denied.

IT IS SO ORDERED this 16th day of January, 2025.

_____
UNITED STATES DISTRICT JUDGE